IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiff,<br><br>vs.<br><br>BEN JOHNSON, *et al.*,<br><br>Defendants,<br><br>AMERICAN FOREST RESOURCE COUNCIL, an Oregon non-profit,<br><br>Defendant-Intervenor. | CV 25–136–M–DLC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Compel. (Doc. 57.) For the reasons herein, the Motion will be granted.

## BACKGROUND

This action challenges the U.S. Forest Service's ("Forest Service") issuance of the Redd Bull Decision Notice of the Redd Bull 2 Project ("Redd Bull 2" or "the Project") and the related Biological Opinion and Incidental Take Statement issued by the United States Fish and Wildlife Service ("FWS"). (*See* Doc. 12.) Redd Bull 2 authorizes a variety of treatment activities, including regeneration harvest,

intermediate timber harvest, and non-commercial restoration harvest on a total of 6,421 acres west of St. Regis, Montana, in the Lolo National Forest. (Docs. 12 ¶¶ 2, 78; 14-1 ¶ 31.) One timber sale has already been auctioned under Redd Bull 2, and six additional timber sales are expected by the end of fiscal year 2030. (Doc. 14-1 ¶ 36.)

Plaintiff alleges that (1) the agencies' authorization of Redd Bull 2 violates the Endangered Species Act ("ESA") and the Administrative Procedure Act ("APA") (Count I); (2) USFS violated Section 7(a)(2) of the ESA in its "authorization of logging and road building in bull trout watersheds" (Count II); (3) the Forest Service violated the ESA through impermissible take (Count III); (4) USFS violated the National Environmental Policy Act ("NEPA") and the APA because it failed to take a "hard look" at the Project's impacts (Count IV); (5) the Forest Service failed to show that the Project complied with Forest Plan standards, violating the APA and the National Management Act (Count V); and (6) the Forest Service failed to complete an environmental impact statement, violating NEPA and the APA (Count VI). (Doc. 33.)

On February 11, 2026, the Court issued an Order permitting discovery on Counts II and III "related to [] 17 discreet projects [mentioned in the biological opinion challenged in Count I], their biological opinions, and their incidental take statements, in addition to any other relevant evidence and documents cited to by

the agencies." (Doc. 32 at 15.) On May 6, 2026, the Court granted in part Federal Defendants' Motion for a Protective Order, requiring in pertinent part that both the Forest Service and FWS respond to several specific requests for admission ("RFAs") and requests for production ("RFPs"). (Doc. 55) (narrowing written discovery to RFA Nos. 30–31 and RFP Nos. 1, 3, and 4, and limiting RFPs to 2008 to the present.)

On June 17, 2026, Plaintiff provided proposed Forest Service and FWS Federal Rule of Civil Procedure 30(b)(6) topics and requested deposition dates from the agencies. (Doc. 58 at 5.) The parties corresponded with respect to scope, scheduling, and whether the topics were vague, overbroad, available in the administrative record, or outside the bounds of discovery permitted by the Court. (*Id.*) Following this correspondence, Plaintiff withdrew or narrowed the subjects to a revised list of topics as set forth in Exhibit 4 of Document 58 ("revised topics"). (*Id.*)

On July 19, 2026, Plaintiff filed the present Motion to Compel designations and depositions under Rule 30(b)(6) after the parties disagreed upon the scope of depositions and the coordination of witnesses stalled. (Doc. 57) (*see also* Doc. 58 at 2–3) (outlining email exchanges between the parties.)

## LEGAL STANDARD

Discovery is generally limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Supreme Court has held that "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Rule 26(c) confers broad powers upon the district court to "make [any order which justice requires] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The district court has broad discretion over discovery matters including granting or denying motions for protective orders. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975).

Rule 30(b)(6) permits a party to depose a business, government agency, or other organization by listing specific topics for examination. The Rule imposes burdens on both the discovering party and the designating party. *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008). The party seeking discovery is required to describe "with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6). Once served with a

deposition notice, the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics. *Great Am. Ins. Co. of N.Y.*, 251 F.R.D. at 538 (citation omitted). Moreover, "[b]y its very nature, a Rule 30(b)(6) deposition notice requires the responding party to prepare a designated representative so that he or she can testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding party." *Id.* at 539 (citation omitted). Finally, "the 'reasonable particularity' requirement . . . renders the description of the scope of the deposition in the notice as the minimum about which the witness must be prepared to testify, not the maximum." *Detoy v. City & Co. of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000).

## DISCUSSION

Plaintiff requests that the Court (1) order the Forest Service and FWS to designate one or more prepared Rule 30(b)(6) witnesses for the revised topics; (2) require the depositions to occur within 14 days of the Court's order, or on the first mutually available dates; (3) clarify, in the alternative, that the Court's May 6, 2026, Order (Doc. 55) does not bar depositions on the revised topics; and (4) extend the discovery and summary judgment deadlines. (Doc. 58 at 12.)

Rule 26(b)(1) defines the scope of permissible discovery as follows:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the party's access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Following a review of the parties' email correspondence, briefing, and revised topics, the Court concludes that Plaintiff may conduct temporally limited depositions on the revised topics set forth in Exhibit 4 of Document 58.[1]

### I. Whether the revised topics fall within the scope of Counts II and III

Defendants first argue that the revised requests fall outside the scope of Plaintiff's claims. (Doc. 62 at 11.) To be discoverable, the information must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 565 (D. Ariz. 2016). "Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Although the party seeking discovery has the burden to show the relevancy of the request, *Nei v. Travelers Home & Marine Ins.*, 326 F.R.D. 652, 656 (D. Mont. 2018), this standard is a "low bar," *Pizzuto v. Tewalt*, 136 F.4th 855, 868 (9th Cir. 2025). The Court finds that Plaintiff has satisfied its burden.

[1] The Court also clarifies that its May 6, 2026, Order (Doc. 55) pertained only to the specific written requests then before it; the Order did not address and therefore did not make any ruling on Rule 30(b)(6) depositions.

Here, the revised topics seek facts pertaining to Project activities, the satisfaction of incidental take surrogates, monitoring of specific roads and drainages, the 2025 Gold Creek/Ward Creek failure, sediment observations, the Forest Service's reports to FWS, and documented failures from the 17 additional projects. Because these topics track the allegations pled in Counts II and III of Plaintiff's Complaint—specifically, continued authorization and oversight of the Project, immediate adverse effects, compliance with the incidental take statements, cumulative sediment-related harm, and repeated reliance on best management practices—they are relevant to the question of whether the Forest Service violated the ESA. Indeed, "whatever evidence [Plaintiff] can develop to prove that unlawful take has occurred is appropriate" because it "will enable the court to fully determine whether the Forest Service violated ESA § 9 by allowing the excessive take of [bull trout] spawning and rearing habitat through its [forest] management." *Or. Nat. Desert Ass'n v. Kimbell*, 593 F. Supp. 2d 1217, 1220 (D. Or. 2009).

## II. Whether the requests are proportional, duplicative, or overly burdensome

Defendants next argue that Plaintiff's requests are duplicative of the subject matter contained in the Administrative Record, the Supplement to the Administrative Record, Defendants' response to Plaintiff's Requests for Production, Interrogatories, and informal document production. (Doc. 62 at 17.) However, without more from Defendants, the Court is not convinced that

Plaintiff's 30(b)(6) topics are categorically duplicative of the information already provided. Moreover, as indicated in the briefing, Plaintiff seeks information pertaining to on-the-ground actions and inactions, which may not be included in an Administrative Record, and seeks to address inconsistencies left unaddressed by the produced documents. (*See* Doc. 63 at 5.) The Federal Rules of Civil Procedure do not require Plaintiff to accept the existing documents without an opportunity to address inconsistencies or omissions. (*See, e.g.*, Doc. 63 at 6–9) (discussing inconsistencies in the Biological Assessment's conclusion that "bull trout can withstand properly mitigated impacts for one to two generations" and the need for information related to the Ward Creek washout).

Defendants further argue that the information sought is not proportional. However, although Defendants have "produced all [documented] information within their possession within the ambit of [] Plaintiff['s] requests," (Doc. 62 at 19), the revised topics address specific inconsistencies, omissions, and errors in the record, most notably with respect to the 17 projects referenced by the Redd Bull 2 Biological Opinion and the Ward Creek Road washout (*see* Doc. 58-4). Because addressing any alleged errors, omissions, or inconsistencies is certainly important to resolving whether the agencies violated the ESA, the Court finds the revised requests proportional to the needs of the case.

Finally, the Court disagrees with Defendants that the Rule 30(b)(6) depositions would be overly burdensome and wasteful. (Doc. 62 at 21.) The burden is upon the party seeking to limit discovery "to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO*, 364 F.3d 1057, 1063–64 (9th Cir. 2004) (internal quotations omitted). Defendants' primary contention—that preparing multiple deponents for depositions encompassing decisions spanning several projects and years—merely describes what Rule 30(b)(6) preparation entails; without more, Defendants' concerns are insufficient to constitute an undue burden.

## III. Limitations

Defendants also make several boilerplate arguments seeking to further limit the discovery topics set forth in Document 58-4. (Doc. 62 at 23.) Upon review, however, the Court finds the revised requests to be written with reasonable particularity such that the designated person(s) may reasonably prepare and speak on the noticed topics. With that being said, given the tailored nature of the revised requests and the discovery already provided, the Court will limit any deposition to five (5) hours per agency, regardless of the number of individuals tendered by each agency. Such a limitation will allow Plaintiff to gather the discreet information sought while ensuring the depositions do not impose an undue burden on the agencies.

## CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Plaintiff's Motion (Doc. 57) is GRANTED. Defendants shall designate witnesses and appear for Rule 30(b)(6) depositions on the revised topics set forth in Document 58-4. Defendants shall make their witnesses available within 30 days from the date of this Order.

IT IS FURTHER ORDERED that the Rule 30(b)(6) depositions shall be limited to five (5) hours of primary questions for FWS and five (5) hours of primary questions for the Forest Service, exclusive of any examination the Government may conduct and any redirect based upon the Government's questioning.

IT IS FURTHER ORDERED that no further discovery shall be permitted outside that specifically contemplated by this Order and by Document 55.

IT IS FURTHER ORDERED that the Case Management Order (Docs. 41, 54) is AMENDED as follows:

| | |
|---|---|
| Close of Discovery: | October 5, 2026 |
| Plaintiff's motion for summary judgment and brief in support (limited to 10,000 words): | November 2, 2026 |
| Federal Defendants' combined cross-motion for summary judgment and response to Plaintiff's motion for summary judgment (limited to 10,000 words): | December 14, 2026 |

| | |
|---|---|
| Defendant-Intervenor's combined cross-motion for summary judgment and response to Plaintiff's motion for summary judgment (limited to 8,000 words): | December 21, 2026 |
| Plaintiff's combined response to Federal Defendants' cross-motion for summary judgment and reply in support of their motion for summary judgment (limited to 8,000 words): | January 19, 2027 |
| Federal Defendants' reply in support of their cross-motion for summary judgment (limited to 8,000 words): | February 16, 2027 |
| Defendant-Intervenor's reply in support of their cross-motion for summary judgment (limited to 6,000 words): | February 22, 2027 |

DATED this 2nd day of September, 2026.

Dana L. Christensen, District Judge
United States District Court